UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| JOHNNY CAMARGO,<br><br>          Plaintiff,<br><br>vs.<br><br>PAMELA DEL PORTO, GERALD THOMPSON, DEBRA BROOKS, D.W. NEVENS, ADAM ENDEL, MICHAEL OXBORROW, MARK DRAIN, LAURA IRVING, CRISTINA TRIPP, CLAUDE WILLIS, DAN SHAULIS, DEPARTMENT OF CORRECTIONS, E.K. McDANIEL, GLEN WHARTON, and JACKIE CRAWFORD,<br><br>          Defendants. | 3:06-CV-0692-HDM (RAM)<br><br>REPORT AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE |

This Report and Recommendation is made to the Honorable Howard D. McKibben, Senior United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR IB 1-4.

Plaintiff filed a document entitled Order Defendants' Counsel to Serve Summons and Complaint on Jackie Crawford (Doc. #28). Defendants filed an Opposition (Doc. #33). The court considered the Plaintiff's document to be a Motion to Serve Jackie Crawford and considered that Motion at a hearing held on June 28, 2007. At that hearing the court advised the Plaintiff that the Motion to Serve Jackie Crawford was denied and that the court would do a Report and Recommendation to the District Judge recommending that Defendant Jackie Crawford be dismissed for failure to serve within the time set forth in the Federal Rules of Civil Procedure.

///

1  Plaintiff's Complaint was filed in the Seventh Judicial District Court for the State of Nevada, in and for the County of White Pine, on October 6, 2006. On December 14, 2006, the Defendants filed a Petition for Removal in this court (Doc. #1) in which they clearly stated that "Defendant Crawford is no longer an employee with the Nevada Department of Corrections. Accordingly, NDOC cannot accept service of process for this defendant." See footnote 1, pg. 2.

Pursuant to the court's order the Defendants filed a Statement Regarding Order Concerning Removal on December 27, 2006 (Doc. #6). In that document the Defendants again stated that the Defendant Crawford was no longer an employee of the Nevada Department of Corrections and service could not be accepted on her behalf.

On January 17, 2007, a Joint Status Report, signed by the Plaintiff, was filed (Doc. #9) indicating that no appearance had been made for Defendant Crawford.

An Amended Complaint was filed on January 29, 2007 (Doc. #13), and, again, Defendant Crawford has never been served.

Fed. R. Civ. P. 4(m) provides in pertinent part as follows:

> "If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the service for an appropriate period. . . ."

At the hearing on June 28, 2007, the Plaintiff's only excuse for failing to serve Defendant Crawford within the time provided by the Rule was that he was unaware that she had not been served until the filing of the Defendants' Motion to Dismiss on April 25, 2007. As pointed out above, it has been apparent and obvious since December 14, 2006, that Defendant Crawford has not been served and was not a party to this action. Plaintiff's statement that he was unaware of this fact until April 25, 2007, is not good cause for failure to effect service within the time set forth in the Rule. Additionally, Plaintiff will not be prejudiced by the dismissal of Defendant Crawford

as she had no personal involvement in any of the activities of which the Plaintiff complains and was merely the head of the Nevada Department of Corrections at the time.

RECOMMENDATION

For the above reasons, it is recommended that the District Judge enter an order dismissing Plaintiff's claims against Defendant Jackie Crawford without prejudice.

DATED:   June 28, 2007.

_____
UNITED STATES MAGISTRATE JUDGE